Case 1:14-cv-00144-RJA-JJM   Document 31   Filed 06/15/16   Page 1 of 3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

JERRI L. MINEWEASER,

               Plaintiff,

      v.                            **DECISION AND ORDER**
                                          14-CV-144-RJA-JJM

CITY OF NORTH TOWNAWANDA,

               Defendant.

---

      This case was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1)(B). On March 21, 2016, Judge McCarthy filed a Report and Recommendation (Dkt. No. 25), recommending that Defendant's motion for summary judgment (Dkt. No. 17) be granted as to Plaintiff's Americans with Disabilities Act (ADA) claims, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's New York State Human Rights Law (NYSHRL) claims.

      On April 21, 2016, Plaintiff filed a "Memorandum of Law in Response to the Report and Recommendation." Dkt. No. 28. As its title tacitly acknowledges, Plaintiff's memorandum is not an objection to Judge McCarthy's Report and Recommendation. Indeed, the memorandum begins by stating that it does "not . . . question the wisdom and the decision of the Court." *Id.* at 1. And the memorandum's conclusion underscores this point: it reiterates that the memorandum's "purpose . . . was not to question the authority, wisdom, and ultimate conclusions of" Judge McCarthy's Report

1

and Recommendation. *Id.* at 3. Rather, plaintiff states that his memorandum was intended only to "clarify the record upon which [the Report and Recommendation] was based." *Id.* at 1.

In relevant part, Local Civil Rule 72(b) requires that objections to a report and recommendation "specifically identify the portions of the proposed . . . recommendations to which objection is made and the basis for each objection." To be sure, Plaintiff's memorandum complains about statements in four footnotes of the Report and Recommendation. But as Plaintiff concedes, he does not object to any part of the Report and Recommendation's conclusions that the Court should grant summary judgment as to his ADA claims and decline to exercise supplemental jurisdiction over his state law claims; he does not, in other words, "specifically identify" any part of Judge McCarthy's recommendations to which he objects. L.R. 72(b).

The purpose of the Federal Magistrates Act is "to increase the overall efficiency of the federal judiciary." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Local Rule 72 promotes this goal by requiring parties to identify for the district court those parts of a report and recommendation that might be incorrect. As a consequence, "[f]ailure to abide by the Local Rule[]" 72 is "reason enough to dismiss [Plaintiff's] objections." *Id.* Indeed, Judge McCarthy's Report and Recommendation warns Plaintiff of this possibility, noting that "[f]ailure to comply with [Local Rule 72] may result in the district judge's refusal to consider the objections." Dkt. No. 25 at 34. Thus, because Plaintiff does not identify any part of Judge McCarthy's recommendation that might be incorrect (and, indeed, because Plaintiff acknowledges that Judge McCarthy's recommendation *is* correct), the

2

Court exercises its "broad discretion" to apply Local Rule 72 in the way Judge McCarthy warned: the Court will not construe Plaintiff's memorandum as an objection to Judge McCarthy's Report and Recommendation.  *Camardo*, 806 F. Supp. at 382.

Failure to object to a magistrate judge's report and recommendation (or, as in this case, failure to comply with Local Rule 72) means that the Court reviews Judge McCarthy's Report and Recommendation for clear error.  *Jaroszynski v. Barnhart*, 00-CV-0898E(SC), 2004 WL 1812706 at *2 (W.D.N.Y. Apr. 28, 2004).  Finding none, the Court adopts Judge McCarthy's Report and Recommendation in its entirety.

Accordingly, for the reasons set forth in Judge McCarthy's Report and Recommendation (Dkt. No. 25), defendants' motion for summary judgment (Dkt. No. 17) is granted as to Plaintiffs' ADA claims.  Further, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL claims.  The Clerk of the Court shall take all steps necessary to close the case.

**IT IS SO ORDERED.**

Dated:   June 13, 2016        _s/Richard J. Arcara_
                                               HONORABLE RICHARD J. ARCARA
                                               UNITED STATES DISTRICT JUDGE